

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Attention: Mr. Claude A. Williams

Dear Sir:

Opinion No. O-1548
Re: Authority of Comptroller to issue
warrant for traveling expenses
incurred by the Assistant Secre-
tary of State in attending the
convention of the Texas Real Es-
tate Association.

The following statement of facts is taken from
the letter addressed to this department under date of Oct-
ober 4, 1939, by your Mr. Williams:

"On September 28, 1939, the Texas Real
Estate Association held a convention at Amarillo,
Texas. This Department was requested by the
President of the Texas Real Estate Association
to have present at said Real Estate Convention
at least two employees of this Department who
were working in the Real Estate Licensing Divi-
sion of this office, to be present with applica-
tion forms, copies of the new Real Estate Licens-
ing Act, and to be able to answer any and all
questions which the real estate dealers of Texas
should desire to ask."

The letter states that Mr. Williams, in compli-
ance with this request, together with Mr. Prewitt, an
investigator of the Real Estate Licensing Division of
your department, attended the convention, and that payment
of Mr. William's account for traveling expenses has been
refused by the Comptroller.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The opinion of this department is requested upon the question whether the Comptroller has taken the correct position in respect to the payment of such traveling expenses.

Your attention is directed to the fact that, though your department is charged with the administration and enforcement of the Real Estate Licensing Act (House Bill No. 17, Regular Session, 46th Legislature), there is nothing in the Act authorizing or requiring your department to travel about over the State at the request of interested parties for the purpose of explaining the Act to them and to carry to such interested parties application blanks. Nor can such duty or authority be reasonably implied from the fact that your department is charged with administering and enforcing the law. The administration and enforcement of this Act does not involve in any respect the assumption of the role of legal advisor to those affected by and charged with knowledge of the existence, terms and requirements of the law. Nor is it contemplated that your department shall incur traveling expenses for the purpose of carrying applications for licenses to interested persons in the various communities of the State, and lending your services to such applicants in the filling out of such applications.

The general rider to Senate Bill No. 427, Regular Session, 46th Legislature, provides in part as follows:

"No monies herein appropriated shall ever be spent to pay the traveling expenses of any State employee to any type of convention within the State or without the State."

"(j) Except as otherwise specifically exempted, the provisions of this Act shall apply also to department heads and members of commissions."

Your statement of facts shows that the expenditures for traveling expenses fall squarely within the terms of this prohibition. You are, therefore, advised that the Comptroller is correct in refusing to issue a warrant therefor.

Hon. Tom L. Beauchamp, Page 3.

We trust that the foregoing satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _R. W. Fairchild_
R. W. Fairchild
Assistant

RWF:pbp APPROVED OCT 7, 1939

_Robert E. Kepke_
Acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN